STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Arthur Bartlett,    }
George Blake and Yvonne              }
Blake                                }   Docket No. 153-7-00 Vtec
                                     }
                                     }

DECISION and ORDER

Appellants Arthur Bartlett, George Blake and Yvonne Blake appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Georgia, granting conditional use approval to Appellee-Applicants James and Renee Ackerman to operate a commercial retail and wholesale business for the sale of small to medium tractors and light construction equipment, and trailers suitable for transporting such equipment, on Lot 4, Morin Avenue.

Appellants are represented by Christopher D. Roy, Esq.; Appellee-Applicants are represented by Gregg H. Wilson, Esq.; the Town of Georgia was represented by Steven F. Stitzel, Esq. The Town did not participate in the hearing or file any memoranda. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. Question 1 of the Statement of Questions was withdrawn at the hearing. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellee-Applicants own a 1.9-acre parcel of land known as " Lot 4" in a commercial/residential subdivision known as " Morin Plaza." Morin Plaza is located on the westerly side of Route 7 just to the north of the Exit 18 interchange of Interstate 89, in the B-1 (Business Medium-Density) zoning district, next to the Northwest Regional Library. Morin Plaza received subdivision approval from the Town and the State. The B-1 district extends 1000 feet to the west of Route 7 to the north of Exit 18, and farther to the west of Route 7 to the south of Exit 18. Across Route 7 from the B-1 district in the vicinity of the project property is the Industrial zoning district.

Appellee-Applicants' lot and the two other commercial lots in the subdivision are located close to Route 7, grouped around a short roadway called Morin Avenue. The other two commercial lots are offered for sale but have not yet been developed. Appellant Bartlett' s lot (Lot 1 in the Morin subdivision) is ten acres in size and adjoins Appellee-Applicants' lot to the west, but extends to the west and north up a slope away from Appellee-Applicants' lot. Appellant Bartlett' s house is located more than 1000 feet from Appellee-Applicants' lot, up a sloping open field, and is accessed by Dee Road, which intersects with Route 7 farther to the north. Appellant Blakes' lot is also a large residential lot which adjoins the other commercial lots of Morin Plaza to the north, and also extends northerly up a slope away from Morin Plaza. Appellant Blakes' house is located approximately 800 feet from Appellee-Applicants' lot, up a sloping open field. To the south of Appellee-Applicants' lot is undeveloped field land owned by the Limoge Trust. Sound tends to travel generally uphill from the roadways up to Appellants' properties.

Other than the regional library and a business office and post office located in a converted residence, no commercial uses are located on land in the B-1 zoning district to the north of Exit 18 and the south of Dee Road. To the south of Exit 18, many commercial and residential buildings are located in the B-1 district, including a convenience store/gasoline station and a video store.

The view from Appellants' houses down towards Route 7 and to the south towards Exit 18 includes only undeveloped fields and the regional library, with a very distant view of the Interstate Exit and the commercial development to its south, and with wooded hills in the distance.

Appellee-Applicants applied for conditional use approval from the ZBA, on appeal in the present case, and for site plan approval from the Planning Commission. Site plan approval was granted and has not been appealed. The site plan approval contains 14 conditions relating to parking, screening, landscaping, outdoor lighting, and outdoor storage. Appellee-Applicants propose to comply with the conditions of site plan approval and the conditions imposed by the ZBA in the conditional use decision appealed from, as part of their application before the Court. We note in this respect that Condition 6 of the site plan approval requires prior Planning Commission approval of the fence type, and that it calls for a " screening type" of fence, that is, a fence that substantially screens or blocks the view of the contents of the storage yard, such as a board fence or perhaps a closely woven trellis type of fence, and not an open post-and-rail type of fence. We also note that Condition 3 requires the owner to ensure that the use of the property does not contaminate the air, soil or groundwater. In this regard, we note that Appellee-Applicants have not stated that they perform any body work or painting of components of equipment in the course of reconditioning it for sale. Accordingly, we will impose a condition requiring a permit amendment if they do in the future wish to do any such work on the equipment they sell.

Appellee-Applicants James and Renee Ackerman seek conditional use approval to operate a commercial retail and wholesale business for the sale of small to medium tractors and light construction equipment, and trailers suitable for transporting such equipment. They expect to have three or four employees, and to operate the retail component[1] of the business from 7:30 a.m. to 5:30 p.m. Monday through Saturday. They propose to construct a 70' x 100' commercial building on the lot in the location shown on the approved site plan, with parking areas, landscaped areas for displaying the equipment for sale, and a screened gravel area to the rear of the building for storage of equipment. The wholesale business is minor compared to the retail business. They will service the equipment they sell, and recondition and service equipment to prepare it for sale, but will not operate a business to service equipment sold by others. The property will have motion-activated security lights, but would not be lit in evening hours after the hours of retail operation. They expect to have approximately 25 deliveries of equipment to the site in their busier time of year from may to November, which averages to about one delivery per week. The equipment kept on site does not operate with back-up beepers.

Appellee-Applicants' proposal contains some components which may fall within the permitted uses listed in the B-1 zone (retail stores, business services), but the business as a whole falls within the conditional use of a " motor vehicle sales" and servicing business. As the zoning

regulations specifically incorporate similar uses to those listed, Appellee-Applicants' proposal does qualify for consideration as a conditional use in the B-1 district.

The parties agreed that the sole contested conditional use criterion was whether the proposed use, with suitable conditions, would adversely affect the character of the area affected. The " area affected" under this test is not necessarily the entire zoning district, but nor is it just the adjacent properties or adjacent residences. It is the area that is capable of experiencing the proposed use, including noise, odors or traffic generated by it, and the aesthetics of the use in the viewshed of the area properties.

In the present case, the area is defined by its location on Route 7 and close to Exit 18 of the Interstate. Appellants' properties overlook an area designated for present and future commercial development. Appellants' properties now enjoy a relatively undeveloped view of hayfields and woods, but even now that view does incorporate, in the medium distance, Route 7 itself, the regional library building, and the gas station and other businesses near the highway interchange. With suitable screening of the rear storage portion of the property, and suitable colors and materials for the building, as required by the site plan approval, the daytime visual character of the area will not be adversely affected by the addition of this building and its associated uses in the area views, as seen from Appellants' properties or from Route 7. The nighttime visual character of the area will not be adversely affected if the lights are shielded from transmitting glare or light beyond the property, and because the security lights are motion-activated and will not be on for more than a few minutes at any time even when activated.

Appellants' properties and other area properties now experience noise generated by the flow of traffic on Route 7 and at the Exit 18 interchange. The noise from the proposed business will be characteristic of a vehicle-oriented business, including the coming and going of customers' cars, the movement of equipment on the site with a forklift or by operating the equipment to move it, and the unloading of delivery vehicles on average once per week from May to November. This level of vehicle-oriented noise and is compatible with the use of Route 7 and the highway interchange in this location during reasonable business hours. However, the same noise would adversely affect the character of the rural and residential upland portions of the area if it were to extend beyond reasonable business hours. Accordingly, we will impose a clear condition regarding the operation of vehicles and machinery on the site beyond the reasonable business hours for the retail operation.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' application for conditional use approval is GRANTED, incorporating the conditions imposed by the unappealed site plan approval and the conditions imposed by the ZBA in the decision appealed from, and with the following additional conditions:

A. No body work or paint spray work on the equipment may be performed on this site without obtaining a prior amendment of the conditional use approval from the ZBA.

B. The operating hours for the business apply to repair, unloading and moving equipment around the site, as well as to retail operation, except that Applicants may unload equipment from delivery vehicles and may move equipment on site (including to comply with Condition 8 of the

Site Plan Approval) for up to one-half hour after closing, that is, until 6:00 p.m. Applicants may use the building on site for paperwork or other quiet indoor work on Sundays or in the evenings, but shall not perform any work on site (other than the plowing of snow) that requires the use of machinery, and shall not service, load, unload or move equipment, or allow the idling of vehicle or equipment engines on the site on Sundays or before or after the hours allowed in this approval, without first obtaining an amendment from the ZBA.

C. All lights shall be shielded from allowing glare or light beyond the property boundaries.

Dated at Barre, Vermont, this 22nd day of March, 2001.

_____
Merideth Wright
Environmental Judge

### Footnotes

[1.]     Mr. Ackerman testified that he would unload equipment on the site after hours until 7:30 or 8 p.m., but also testified that he proposed to comply with the ZBA permit conditions, which set 7:30 to 5:30 as the hours of operation and do not mention any after hours unloading. He also testified that he would want to use the office after hours and on Sundays to do the business' paperwork.